IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BRANCH BANKING AND TRUST
COMPANY, a North Carolina corporation,

                Plaintiff,

v.                                    CIVIL ACTION NO. 3:04-01055

FREDERICK G. DAVIS, a resident of West
Virginia; DAVIS CHRYSLER PLYMOUTH
JEEP EAGLE, INC., a West Virginia corporation;
CARROLL D. FINK, a resident of Ohio, in his
own capacity and as Trustee of the Gale L. Fink
Trust dated May 8, 1992; GALE L. FINK TRUST
dated May 8, 1992, a trust established under the
law of Ohio; JULIE ANN BROWN, a resident
of Ohio; FINK'S USED CARS, an Ohio general
partnership or partnerships; EASY LEASING AND
RENTAL, INC., an Ohio corporation; UGLY
DUCKLING RENT A CAR INC., a indeterminable
entity and/or fictitious name,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

        Pending before the Court is a motion by Plaintiff Branch Banking and Trust Company (BB&T) for seizure or escrow of certain proceeds of transactions of Defendant Frederick G. Davis, his agents or privies. The Court received the motion via facsimile near the end of the day yesterday, and Plaintiff asks the Court to hold an emergency hearing on the motion by the close of business today. The Court has reviewed the motion and finds that there is an insufficient basis in which to hold an emergency hearing and that Plaintiff has failed to establish an adequate basis for the relief requested. Therefore, the Court **DENIES** the motion without prejudice.

According to the motion, Plaintiffs have learned that Mr. Davis intends on Monday, January 9, 2006, to sell the entities or assets of a Toyota dealership in Pittsburgh, Pennsylvania, operated by Davis Automotive Group, LLC. Plaintiff asserts that it has Pledge and Security Agreements with Mr. Davis, which grant it a lien on Mr. Davis' collateral, including his interests in Davis Automotive Group, LLC.[1] Plaintiff further alleges that Mr. Davis has continued to breach its obligations under the agreements by failing to cooperative with respect to the sale of assets listed therein. Plaintiffs are concerned that the proceeds of the sale will be dissipated or secreted to prevent Plaintiff from collecting any of the proceeds. Thus, Plaintiff asks this Court to require that the funds from the sale be seized or placed into escrow under Rule 64 of the Federal Rules of Civil Procedure.[2]

---

[1] Plaintiff asserts it also has a Default Agreement with Mr. Davis and Defendant Davis Chrysler Plymouth Jeep Eagle, Inc.

[2] Rule 64 provides:

> At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought, subject to the following qualifications: (1) any existing statute of the United States governs to the extent to which it is applicable; (2) the action in which any of the foregoing remedies is used shall be commenced and prosecuted or, if removed from a state court, shall be prosecuted after removal, pursuant to these rules. The remedies thus available include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies, however designated and

(continued...)

(continued...)

Although the Court has authority to issue injunctive relief under Rule 64,[3] the Court finds that the motion before the Court does not meet the criteria needed for such relief to be granted. If notice is not given to an adverse party or that party's attorney, a temporary restraining order may be granted only if:

> (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

*Fed. R. Civ. P.* 65(b), in part. In this case, Plaintiff attached a certificate of service in which it certifies that it mailed a copy of the document to opposing counsel yesterday. Plaintiff does not indicate that it attempted to fax a copy of the motion to Mr. Davis' counsel, nor does Plaintiff say it spoke with Mr. Davis' counsel to inform him that the motion was being filed.[4] Thus, the Court considers the request to be made without notice as the Court must presume that counsel did not

---

[2](...continued)
> regardless of whether by state procedure the remedy is ancillary to an action or must be obtained by an independent action.

*Fed. R. Civ. P.* 64.

[3]*See United States ex rel. Rahman v. Oncology Assoc.*, 198 F.3d 489, 501 (4th Cir. 1999) (concluding Rule "64 incorporates state procedures authorizing any meaningful interference with property to secure satisfaction of a judgment, including any state-authorized injunctive relief for freezing assets to aid in satisfying the ultimate judgment in a case").

[4]Plaintiff does state it contacted Mr. Davis' counsel regarding the status of the sale, but counsel refused to provide any information and told Plaintiff "'to do what it has to do.'" *Motion*, at ¶ 5.


receive the notice by mail today. In addition, the Court finds that Plaintiff has failed to submit any affidavits in support of its motion and has not submitted a verified Complaint. Likewise, Plaintiff has failed to certify to the Court in writing why notice should not be required. Accordingly, the Court finds that the motion is inadequate to warrant an immediate hearing or a temporary restraining order.

Moreover, in looking at the merits of the motion, the Court notes that Plaintiff has failed to site any legal authority to entitle it to relief other than Rule 64, which permits the application of state law. At this point, Plaintiffs have failed to show or demonstrate that they would have an inadequate remedy at law if the assets were not immediately seized or put into escrow. Indeed, at first blush, it would appear to the Court that any claimed contractual rights Plaintiff may have to the assets could be, or could have been, protected and secured by other means, such as a lien against those assets.[5] In any event, Plaintiff allege Mr. Davis has been failing to comply with discovery requests, yet Plaintiff has waited until the eve of a sale of Mr. Davis' assets before it sought injunctive action.

Given these circumstances, the Court finds that Plaintiff has failed to meet the requirements necessary in order to be awarded an emergency hearing or a temporary restraining order and has failed to establish an adequate basis for the relief requested. Accordingly, the Court **DENIES, without prejudice,** Plaintiff's motion.

---

[5]Given the brevity of the motion and the fact there has been no opportunity for briefing, the Court is basing this opinion on the limited information it has before it. The Court is not ruling that Plaintiff actually has the right to file and perfect a lien as that issue is not before the Court.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:       January 6, 2006

        _____
        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE