IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BRANCH BANKING AND TRUST
COMPANY, a North Carolina corporation,

          Plaintiff,

v.              CIVIL ACTION NO. 3:04-01055

FREDERICK G. DAVIS, a resident of West
Virginia; DAVIS CHRYSLER PLYMOUTH
JEEP EAGLE, INC., a West Virginia corporation;
CARROLL D. FINK, a resident of Ohio, in his
own capacity and as Trustee of the Gale L. Fink
Trust dated May 8, 1992; GALE L. FINK TRUST
dated May 8, 1992, a trust established under the
law of Ohio; JULIE ANN BROWN, a resident
of Ohio; FINK'S USED CARS, an Ohio general
partnership or partnerships; EASY LEASING AND
RENTAL, INC., an Ohio corporation; UGLY
DUCKLING RENT A CAR INC., a indeterminable
entity and/or fictitious name,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

On February 2, 2006, this Court entered a Memorandum Opinion and Order granting Plaintiff Branch Banking and Trust Company's (BB&T's) application for a temporary restraining order. In that Order, the Court directed Defendant Frederick G. Davis to hold all proceeds from the sale of the Toyota dealership named or previously known as "Davis Toyota" until further Order of the Court. The Court also directed Mr. Davis to account to the Court on or before February 9, 2006, as to all terms and conditions, including the date, the buyer, the purchase price, and the net proceeds of any past or pending sale. The Court further ordered BB&T to post a security in the amount of $100,000. The Court held a Preliminary Injunction Hearing on February 10, 2006. Following that

hearing the Court ordered that the injunction remain in effect until the parties had the opportunity to submit additional briefing on the matter.  Upon consideration of the additional briefing and the arguments made by the parties at the hearing, the Court finds that Plaintiff has failed to met its burden for the Court to issue a preliminary injunction, and the Court **DISSOLVES** the injunction currently in place.

The United States Court of Appeals for the Fourth Circuit has provided district courts with a precise analytical framework for determining whether to grant preliminary relief.  *See Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.2d 802 (4th Cir. 1992); *Blackwelder Furniture Co. v. Seilig Manufacturing Co., Inc.*, 550 F.2d 189 (4th Cir. 1977).  First, a court must determine whether the party requesting preliminary relief has made a clear showing that he will suffer irreparable harm if the court denies preliminary relief. *Direx Israel*, 952 F.2d at 812.  Second, a court must balance the likelihood of irreparable harm to the moving party if the court denies preliminary relief against the likelihood of harm to the nonmoving party if the court grants preliminary relief.  *Id.*  Third, a court must determine whether the moving party has made a sufficient showing of a probability of success on the merits.  *Id.* at 812-13.  If the balancing of harms tips decidedly in the moving party's favor, the moving party need only raise questions going to the merits sufficiently serious, substantial, difficult, and doubtful to make them fair ground for litigation and thus more deliberate investigation.  *Id.* at 813.  If the balancing of harms does not tip decidedly in the moving party's favor, the moving party must make a stronger showing of potential success on the merits.  *Id.*  Finally, a court must consider whether the public interest favors granting preliminary relief.  *Id.* at 814.

In determining that Plaintiff has failed to establish that a preliminary injunction is appropriate under this standard, the Court notes that both Davis Automotive Group, LLC and Automotive Land Company, LLC are Pennsylvania limited liability companies with all the assets of these companies located in Pennsylvania. Plaintiff states in its Supplemental Memorandum that it has no security interest in the assets of either of these entities. Rather, its interest lies in whatever proceeds Defendant Davis will obtain after legitimate creditors of these entities are paid. Herein lies a serious problem for this Court. Although Defendant Davis is the sole owner of these companies, neither of these companies are parties to this lawsuit. Nevertheless, Plaintiff is essentially asking this Court to get involved in an extremely complicated sales transaction of these companies which directly affects numerous parties who have no connection to or interest in this litigation. In fact, Plaintiff admits that its rights as a creditor of Defendant Davis are subordinate to any legitimate creditors of either of these companies. Plaintiff states that it has no problem with any legitimate creditors getting paid first from the proceeds of the sale of the companies, but Plaintiff asks that it be permitted to review a list of the potential creditors before they are paid. The difficulty with Plaintiff's proposal is that, if Plaintiff challenges the legitimacy of any of the purported creditors, then this Court would be in the impossible position of being asked to determine who are the legitimate creditors of these companies–creditors who are not a party to this lawsuit and for whom over this Court lacks jurisdiction. It is simply inconceivable that this Court could determine the net proceeds of these companies and then decide who should get paid when even Plaintiff readily admits it does not have an interest in the assets of the companies and only has an interest in whatever proceeds Defendant Davis is paid. Moreover, this Court remains unconvinced that Plaintiff would

not have some form of adequate remedy at law in Pennsylvania in which it could protect its rights.[1] Therefore, given these circumstances, the Court simply cannot issue a preliminary injunction under the *Blackwelder* standard.

Accordingly, for the foregoing reasons, the Court **DENIES** Plaintiff's request for a preliminary injunction and **DISSOLVES** the injunction currently in place. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:    March 6, 2006

        _____
        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE

---

[1] For instance, in a letter from Richard Tucker, Plaintiff's Senior Vice President, to Ellen Farrell, an attorney for Toyota Motor Sales USA, Inc., dated June 27, 2005, Mr. Tucker represented that Plaintiff intended "to exercise [its] . . . authority to sell assets under the power of attorney and its rights under the Pledge Agreement, as necessary to sell . . . [Davis Automotive Group, LLC]." In addition, he wrote that "[i]f due diligence can be conducted and an agreement can be promptly reached, we would envision taking ownership of the Davis Automotive LLC interests on the same day as an approved sale for purposes of transferring assets at the closing."